Argued and submitted November 5, 1990, affirmed May 22, 1991

In the Matter of the Marriage of

Bruce W. HANSEN,
*Appellant,*
*and*

Pamela J. HANSEN,
*Respondent.*

(D8502-61055; CA A62906)

812 P2d 6

Albert A. Menashe, Portland, argued the cause for appellant. With him on the briefs were Michael A. Yates, Mark A. Johnson and Gevurtz, Menashe, Hergert, Larson & Kurshner, P.C., Portland.

Dwight L. Schwab, Portland, argued the cause for respondent. With him on the brief was Schwab, Hilton & Howard, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Husband appeals from an order denying modification of a dissolution judgment. On *de novo* review, we affirm.

After 22 years, the marriage of husband and wife was dissolved in March, 1986. Their negotiated settlement agreement, which the court incorporated in the judgment, provided that husband was to pay wife spousal support of $1,350 per month for six years beginning January 1, 1986, and $1,000 per month for the next four years, "until wife dies or remarries, whichever first occurs." Husband's argument for reducing or terminating his support obligation is that wife has a domestic partner, Boyer; that her relationship with Boyer is the equivalent of marriage; that wife and Boyer are engaged in a subterfuge to hide the character of their relationship; and that wife's relationship with Boyer constitutes a change in circumstances that justifies modifying spousal support.

Wife and Boyer had had an intimate relationship long before the dissolution. Husband knew about it and knew, before the parties negotiated the settlement agreement, that wife and Boyer planned to live together. They have cohabited since August, 1986. She receives $150 per week from Boyer to cover his room, board and laundry. They do not commingle their finances or own property together.

■ Husband assigns error to the court's finding that he failed to show that wife had entered into a relationship equivalent to marriage or that she has engaged in a subterfuge. The parties' settlement agreement specifies death and remarriage as the events that terminate husband's obligation to pay wife monthly support. Wife is living and has not remarried. *See Winningstad and Winningstad,* 99 Or App 682, 784 P2d 101 (1989).

■ Husband next assigns error to the court's finding that he has failed to show any change of circumstances that would justify termination or reduction of spousal support. We agree with the court that there was no change of circumstances that would permit a modification.

Husband also makes assignments of error that are contingent on our modification of the spousal support award

regarding the court's award of $10,000 attorney fees to wife. Because we do not modify that judgment, we need not discuss those assignments.

Affirmed. Costs to wife.